IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ORLANDO LARRY,

                                                 OPINION AND ORDER

        Petitioner,

                                                     18-cv-278-bbc

   v.                                                  13-cr-130-bbc

UNITED STATES OF AMERICA,

        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Orlando Larry was convicted by a jury of nine counts of knowingly and intentionally distributing drugs, in violation of 21 U.S.C. § 841(a)(1). The court of appeals denied his appeal as it related to his conviction. However, it directed this court to reconsider the conditions of supervision imposed upon him at the time of his sentencing, which it did on January 4, 2016. Now petitioner moves pursuant to 28 U.S.C. § 2255 to vacate the sentence itself, contending that if it were not for the ineffectiveness of the various counsel who represented him, he would not have been convicted. Because the record shows that petitioner received effective assistance of counsel at all stages of his trial, his motion will be denied and his sentence will stand.

1

BACKGROUND

A. Petitioner's Arrest

Petitioner was returning to Madison from a trip to Illinois, when he was arrested on August 23, 2013, by Drug Enforcement Agents and members of the Dane County Task Force. Unbeknownst to petitioner, law enforcement had tracked his travels with a GPS unit installed on his car. Officers who observed him as he approached Madison asked petitioner's parole agent to swear out a parole violation warrant for his arrest, which he did. (The government refers to this warrant as an "apprehension request.")

Once petitioner arrived in Madison, he was stopped, arrested and searched by law enforcement officers. No controlled substances were discovered, but the officers seized $2,512.00 in United States currency. Petitioner was then taken to the DEA office in Madison and questioned briefly by a DEA agent, who terminated the interview when petitioner asked for counsel. He was then booked into the Dane County jail under the apprehension request. On August 31, 2013, his parole officer instituted proceedings against petitioner to have his extended supervision revoked.

On October 12, 2013, a federal grand jury returned an indictment against petitioner, charging him with nine counts of distributing controlled substances. On October 15, 2013, a federal defender entered an appearance on petitioner's behalf. The next day, petitioner entered a plea of not guilty. A month later, petitioner sought the appointment of new counsel, dkt. #13. The request was denied, but two days later, counsel moved for and was granted leave to withdraw as counsel for petitioner, after the court found that petitioner had

intentionally destroyed the attorney-client relationship. Dkt. #19. Petitioner sought and received permission to retain counsel on his own, but when he failed to do so by December 17, 2013, the United States Magistrate Judge directed the federal defender to recruit a lawyer to represent petitioner. Paul F. X. Schwartz accepted the appointment on December 18, 2013.

Petitioner's trial went forward on June 9, 2014. Dkt. #71. On June 10, he was found guilty of all nine counts charged against him. At the trial, members of the task force assigned to observe petitioner during drug deals testified to their surveillance, noting that the officer making the hand-to-hand buys had been outfitted with body wire transmitting devices.

Subsequently, petitioner filed three unsuccessful motions to arrest judgment, for acquittal and to set aside the judgment, dkts. ##75, 77, 78. On September 29, 2014, defendant was sentenced to a term of 240 months. Dkt. #106. He filed a prompt appeal, represented by new counsel, Daniel Hillis, who was appointed for the purpose of the appeal. Dkt. #73. Hillis sought summary reversal on the sole issue of allegedly improper conditions of supervised release, asserting correctly that these conditions had been found improper by the court of appeals in United States v. Thompson, 777 F.3d 368 (7th Cir. 2015), after defendant had been sentenced. The government joined in the motion for summary reversal. Dkt. #125.

A new federal defender, Joseph Bugni, was appointed to represent petitioner for resentencing on the conditions of his release, dkt. #126, but he later moved for leave to withdraw from the representation, dkt. #129, on the ground that petitioner might object to

3

the representation, given petitioner's objection to Bugni's predecessor as federal defender. The motion was granted, dkt. #131, and Reed Cornia was appointed to represent petitioner. Dkt. #132. At the resentencing on January 4, 2016, the original sentence was reimposed but the conditions of supervised release were amended to conform to the opinion in Thompson. Dkt. #148.

Petitioner appealed from the resentencing, dkt. #151, but his appeal was dismissed by the court of appeals on February 9, 2017. Dkt. #166. He filed this timely motion for post-conviction relief on April 18, 2018. Dkt. #173.

OPINION

In a wide-ranging motion for relief under 28 U.S.C. § 2255, dkt. #173, petitioner contends that his trial counsel provided unconstitutionally ineffective representation in a number of respects, as set out below. To succeed on any of the claims raised in his initial motion, petitioner must meet a higher standard than the one applicable to direct appeals: he must show not just that an error occurred but that the error is jurisdictional, constitutional or "constitutes a 'fundamental defect that inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 353-54 (1994).

A. Allegedly Inadequate Investigation of Petitioner's Case

Petitioner contends that the lawyers who represented him during the trial of his case and his appeal denied him an adequate investigation, but he has not identified any relevant

4

fact or issue that either counsel failed to pursue. The fact is that the government had a strong case against petitioner. At trial, it introduced extensive evidence of petitioner's drug dealing, beginning with the testimony of undercover officers who had either bought drugs directly from petitioner or had observed the drug purchases. It also introduced photographs of petitioner at the scene of drug deals. With the extensive evidence inculpating petitioner, it is not surprising that neither of the two lawyers who represented him was able to mount an effective defense to the charges against him or to identify errors in the government's case. The only exception involved the conditions of supervised release imposed on petitioner at his sentencing and thereafter found to be imprecise.

Petitioner also contends that his trial counsel was constitutionally ineffective for failing to file pretrial motions to dismiss, but he has not identified any issue that would have warranted such a motion. He continues to maintain that he was arrested illegally, but he has adduced no evidence to support this claim. To the contrary, the facts show that he was arrested on a state-issued apprehension request that had been issued before he was stopped by the DEA and Dane County officers. His booking into the Dane County jail later that same day was based on this apprehension request.

Petitioner believes that his counsel should have challenged his incarceration in Dane County as unconstitutional because he was not taken before the federal court immediately after he was stopped by law enforcement in Madison. In support, he cites cases such as County of Riverside v. McLaughlin, 500 U.S.44 (1991), and Gerstein v. Pugh, 420 U.S. 103 (1975), in which the Supreme Court held that authorities are required to provide a prompt

5

probable cause determination to anyone arrested without a warrant. However, these cases have no application to him because he was not arrested without a warrant. At the time petitioner was arrested, a state probation officer had obtained an apprehension request, authorizing petitioner's arrest and detention, and the state authorities gave him a prompt probable cause hearing. It is true that petitioner was not charged in federal court until the following month, but the federal court was not required to offer him a prompt hearing until it took custody of him. Once this happened, petitioner had a prompt hearing in the federal court.

Although petitioner contends that the state's apprehension of him was nothing more than a "stalking horse" used by the state authorities to help federal authorities circumvent the applicable federal rules, he has not cited anything to support that contention. The state had full authority to apprehend him after he violated the terms of his supervision by leaving Wisconsin without the authorization of his parole officer. I conclude, therefore, that petitioner has no basis on which to contend that his counsel was ineffective in representing him on this claim.

As part of this same claim, petitioner contends that his trial counsel was ineffective in not arguing that the government had failed to comply with the administrative process when it seized funds from him when he was arrested. I will take up this argument in a later section of this opinion.

B. Counsel's Failure to Move for Dismissal as a Sanction for Violation of Speedy Trial Act

In an order entered shortly after petitioner's conviction, I denied his counsel's motion to arrest the judgment of conviction entered on June 10, 2014 on the ground that the Speedy Trial Act, 18 U.S.C. § 3161, had been violated by the government's failure to bring an indictment against him within 30 days of his arrest. Op. & Order, dkt. #91. Petitioner has still not shown why that order should be reconsidered. He simply argues, erroneously, that the government was required to file an indictment against him within 30 days of his arrest, whether the arrest was by state or federal authorities. However, it is well established that "[t]he speedy trial protections of [18 U.S.C. § 2641] apply only to arrests made for federal charges– an arrest by a state officer on a state charge does not start the statutory clock." United States v. Clark, 754 F.3d 401, 405 (2014).

C. Counsel's Failure to Object to Prosecution's Closing Argument

Petitioner alleges that his trial counsel failed to object when the prosecutor vouched improperly for the credibility of the prosecution witnesses during his closing argument. If petitioner were correct, the prosecutor's actions would have been improper and may have justified a mistrial. However, petitioner has not identified any such vouching in the transcript and my own reading of it discloses none, so I am disregarding this allegation. I will add that it is not "improper vouching" for the United States Attorney to review the surveillance officers' proximity to the deals and their ability to observe petitioner's actions, or to point out to the jury the reasons why the undercover officer making the deals was able to identify petitioner.

7

Tr. trans., dkt. #120, at 101-05.

D. Petitioner's Counsel's Failure to Show the Jury Impeaching Evidence

According to petitioner, the results of the trial might have been different if his counsel had shown the jury the video footage of the August 8, 2013 drug transaction in which he allegedly participated. (Apparently petitioner believes that the footage would have demonstrated how unlikely it was that anyone viewing it would have been able to identify the person or persons in the vehicle.) As petitioner knows, the undercover officer testified at trial that no surveillance photos were taken of a Lincoln on August 8, 2013. Dkt. #113, at p. 102. Petitioner's counsel noted the lack of photographs in his closing argument, suggesting that those investigating the crime had done less than they could have to determine the actual driver of the car. Dkt. #177, at 5-6. This is the only argument he could have made under the circumstances.

E. Counsel's Failure to Cross-Examine Officer Nale about His Testimony

Petitioner contends that his trial counsel should have questioned Officer Nale about the testimony he gave regarding petitioner's use of a TracFone, but he does not explain how such questioning would have helped his defense. In the absence of any explanation, there is no basis on which to find that counsel's failure to ask more questions of Nale amounted to ineffective assistance of counsel.

F. <u>Appellate Counsel's Failure to Address Alleged Errors of Trial Counsel</u>

Petitioner contends that his appellate counsel failed to provide him effective assistance when he raised only one challenge to trial counsel's representation of petitioner, dealing with the conditions of his supervised release that would apply to him when he finished the service of his sentence. To prove ineffectiveness, petitioner must show both that his counsel's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Petitioner has not made the necessary showing in this case.

It is not ineffective assistance to raise only one issue on appeal, unless the petitioner can show that counsel overlooked other significant and obvious issues, <u>Suggs v. United States</u>, 513 F.3d 675 (7th Cir. 2008). If the petitioner identifies such issues, the court must first determine whether the overlooked issue is "clearly stronger" than the arguments that were made. A yes answer would require the court to assess the record to determine whether there is a reasonable probability that had it not been for the deficient performance of counsel, the result of the appeal would have been different. <u>Id</u>. at 678. In this case, petitioner has not identified any specific issue that his appellate counsel overlooked, so it is not necessary to consider the issue further. <u>Gaylord v. United States</u>, 892 F.3d 500, 506-07 (7th Cir. 2016) (court does not have to address allegations of ineffective assistance of counsel if "petitioner makes allegations that are vague, conclusory, or palpably incredible, rather than detailed or specific").

### G. Counsel's Conflict of Interest

After appellate counsel succeeded in challenging the conditions of release imposed on petitioner at his sentencing, Reed Cornia was appointed to represent petitioner for the limited purpose of resentencing on this issue. Petitioner's initial pleasure with his new counsel did not last long. He became dissatisfied with counsel's failure to visit him or to respond to his letters and telephone calls. He was particularly unhappy with counsel's decision to move to be relieved of petitioner's representation, citing Anders v. California, 386 U.S. 738 (1967). Under Anders, an appointed lawyer cannot be relieved of his obligation to continue to represent an indigent client unless the lawyer explains to the court the issues he has considered on behalf of his client and why he believes that none of these issues would have no reasonable chance of success and the court agrees with counsel's evaluation. In this case, counsel submitted an Anders brief, which the Court of Appeals for the Seventh Circuit accepted before relieving counsel of his obligation to continue to represent petitioner. United States v. Larry, No. 16-1088, 2014 WL 12683530. This court has no authority to reconsider the court of appeals' determination.

### H. Seizure of Currency from Petitioner

In a memorandum brief filed in support of his § 2255 motion, dkt #174, petitioner complains that his counsel was ineffective because he failed to investigate and pursue claims that the government did not comply with the administrative forfeiture process after he objected to the seizure of $2,412.00 in currency that the government had seized from him without

10

notice. In fact, the money was not forfeited through the administrative process. Instead, the government asked the court to impose a fine of $2,512.00 on petitioner that would be satisfied by the forfeiture of the seized funds, pursuant to 18 U.S.C. § 3572(d). Dkt. #101, at 1. Counsel asked the court not to impose a fine, dkt. #102, at 2, but did not contend that doing so would be improper. In the absence of any objection from petitioner, the court granted the government's request. Petitioner has not shown any reason why doing so was improper.

### I. Counsel's Failure to Contest Violations of the Fourth and Fifth Amendments

This claim seems to relate to petitioner's many assertions that his arrest and detention were unconstitutional. However, he has not identified any Fourth or Fifth Amendment violations that he believes counsel should have raised on is behalf. It may be that he is restating his contention that his rights were violated by the state's keeping him in custody until the federal government could indict him. If so, those contentions have been addressed.

### J. Failure to Challenge Composition of the Grand Jury

Petitioner raises two issues: (1) the delay in bringing him before the grand jury denied him an adequate opportunity to investigate the grand jury records and (2) his trial counsel failed to seek access to grand jury materials that would have supported his claim of improprieties in the grand jury procedures. As to the first issue, he says that the delay precluded him from challenging the composition of the grand jury, dkt. #174, at 10, but he does not explain why. Under the governing statute, 28 U.S.C. § 1867, he had seven days in

11

which to move to dismiss the indictment after he discovered or could have discovered, by the exercise of diligence, a ground on which to do so. An earlier appearance before the grand jury would not have provided him any more time for obtaining information he says he was seeking.

As to the second issue, petitioner has not adduced any evidence that there were improprieties in the grand jury procedures; he merely says his counsel might have found some had he conducted the necessary investigation. As the government points out, however, § 1987 does not authorize "fishing expeditions" to detect possible improprieties. United States v. Bearden, 659 F.2. 590, 597 (5th Cir. 1981); United States v. Edelson, 581 F.2d 1290, 1291 (7th Cir. 1979). The kind of investigation petitioner seems to think he should have had is permitted only in the unusual situation in which the petitioner can show that the information he seeks is *compellingly* necessary to the party seeking disclosure." Matter of Grand Jury Proceedings, Special Sept., 1986, 942 F.2d 1195, 1198 (7th Cir. 1979). Petitioner has not shown that the information he would have sought is of that nature.

K. State's Withholding of Copies of State's Apprehension Request and Parole Violator Warrant

Petitioner does not explain what kind of federal claim he might have as a result of his inability to obtain copies of the state's apprehension request and parole violator warrant. It may be that he thinks these documents were purposefully withheld from him, but even if this were true, he has not explained why the state's withholding of the documents would be a ground for dismissal of the federal government's case against him.

L. <u>Untimely Submissions</u>

After the government filed its brief in opposition to petitioner's motion for post conviction relief, petitioner filed a number of new documents: (1) a request for discovery, dkt. #13 (case no. 18-cv-278); (2) a "proposed request for admissions," pursuant to Rule 6 of the Rules Governing Section 2255 Cases, that consisted of 38 questions, all having to do with the legality of his August 2013 stop by law enforcement officers, dkt. #15 (18-cv-278); and (3) "plaintiff's declarations," dkt. #14 (18-cv-278). I am giving these documents no consideration because petitioner did not file them with his motion for post-conviction relief and, as a result, the government has not had an opportunity to respond to them. As to petitioner's request for discovery, he waited too long to ask for this; both he and the government have filed their briefs on the post-conviction motion, which means that petitioner's response brief is limited to the issues already argued.

As for petitioner's request for admissions relating to the grand jury, it would have to be denied even if he had not waited too long to ask for such discovery, because the majority of his request seeks information the court is not permitted to divulge. As for the few pieces of information that may be disclosed, petitioner was given an opportunity before his sentencing in 2014 to have his counsel meet with the clerk of court to review the two pieces of information the clerk is permitted to divulge: whether at least a quorum of the grand jury voted and whether a majority of the quorum had voted to indict. Dkt. #100 (13-cr-130).

Finally, the "declarations" that petitioner wants to add to the record will not be considered. They simply restate matters about petitioner's arrest, his inability to challenge the

grand jury selection process and the alleged violation of his right to a speedy trial.

M. Appealability

Petitioner is advised that Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Petitioner has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider his request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed in forma pauperis.

ORDER

IT IS ORDERED that petitioner Orlando Larry's motion for post conviction relief under

28 U.S.C. § 2255 is DENIED. No certificate of appealability will issue.

Entered this 23d day of October, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge